UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) No. |
| v. | ) ) ) Judge |
| KARYL VALENTA, | ) ) |
| Defendant. | ) |

## COMPLAINT

The United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, brings this action under the False Claims Act, as amended, 31 U.S.C. § 3729, *et seq.*, and under the common law. The United States brings this action against Karyl Valenta to recover damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, and to recover damages, including punitive damages, and prejudgment interest under common law theories of fraud, payment under mistake of fact, and unjust enrichment.

### Jurisdiction and Venue

1. This court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2. Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a).

### Parties

3. The plaintiff is the United States of America on behalf of the Social Security Administration ("SSA"), an agency of the United States government.

4. Defendant Karyl Valenta ("Valenta") is a domiciliary of the State of Illinois.

**Factual Background**

5. The Social Security Administration administers the Supplemental Security Income (SSI) Benefits program under Title XVI, of the Social Security Act, 42 U.S.C. § 1381-1383c, 42 U.S.C. § 1384-1385.

6. Supplemental Security Income is a federal income supplement program funded by general tax revenues (*not* Social Security taxes). It is designed to help aged, blind, and disabled people, who have little or no income; and it provides cash to meet basic needs for food, clothing, and shelter.

7. Beginning in or about February 2005, and continuing to in or about June 2015, at Davis Junction, Illinois, in the Northern District of Illinois, Western Division, and elsewhere, Valenta made false claims, false statements, and knowingly damaged the United States of approximately $57,750 in funds administered by the Social Security Administration, which she was not entitled to receive.

8. Specifically, beginning in February 2005, and continuing until June 2015, Valenta received Supplemental Security Income benefits from the Social Security Administration (SSA).

9. On October 4, 2004, V married an individual who was receiving Disability Insurance Benefits. On numerous documents submitted to the SSA after she got married, Valenta claimed that she was not married in response to questions regarding her marital status.

10. Valenta acknowledged that if she had disclosed her marriage to the SSA and the fact that her husband was receiving of Disability Insurance Benefits, would have made Valenta ineligible to receive SSA benefits. As a result of these misrepresentations to the SSA, Valenta was overpaid approximately $57,750 in SSI benefits to which she was not entitled.

11. In seeking and receiving SSI benefits, Valenta concealed material facts, to wit, her marriage and her husband's receipt of Disability Insurance Benefits, when she knew or should have known that it was material to the SSA.

12. But for Valenta's false statements and false claims, she would not have received SSI benefits from February 2005, through June 2015.

13. As a result of Valenta's actions, the United States has been damaged in the amount of $57,750.

## Count I
## False Claims Act — False Claims

14. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 13 as if set forth fully herein.

15. By virtue of the acts described above, from February 2005, to in or about June 2015 Valenta knowingly presented, or caused others to present, to an officer, employee or agent of the United States false or fraudulent claims to obtain payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

16. As used in this count, the term "knowingly" means that a person, with respect to information, (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

17. The United States paid the false or fraudulent claims because of the acts of Valenta and, as a result, the United States has incurred actual damages in the amount of $57,750, exclusive of interest and costs.

18. Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, Valenta may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act.

### Count II
### Payment By Mistake

19. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 13 as if set forth fully herein.

20. The United States made payments on the claims submitted by Valenta under the erroneous belief that the claims for payment were based upon representations that were factually accurate and which represented actual dates of unemployment.

21. The United States' erroneous belief was material to the payments made by the United States to Valenta.

22. Because of these mistakes of fact, Valenta received monies to which she is not entitled.

23. By reason of the overpayments described above, the United States is entitled to damages in the amount of at least $57,750.

### Count III
### Unjust Enrichment

24. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 13 as if set forth fully herein.

25. Because of Valenta's conduct, she has been unjustly enriched with federal monies that in good conscience she should not be allowed to retain.

26. Valenta has been unjustly enriched to the detriment of the United States in the amount of $57,750.

4

**Claim For Relief**

WHEREFORE, the United States seeks judgment against the Valenta as follows:

(a) on Count I (False Claims), judgment against Valenta for treble the United States' single damages of $57,750, plus civil monetary penalties as set forth in the False Claims Act;

(b) on Count II (Payment by Mistake), judgment against Valenta for single damages, pre-and post-judgment interest, and any such further relief as the court deems appropriate; and

(c) on Count III (Unjust Enrichment), judgment against Valenta for single damages, pre-and post-judgment interest, and any such further relief as the court deems appropriate.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Scott D. Heffron
SCOTT D. HEFFRON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
scott.heffron@usdoj.gov